# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHERN DIVISION

IN RE:

GARY COOPER,                       CASE NO. 18-82436
                                                    Chapter 13

     Debtor.

---

GARY COOPER,

     Plaintiff,

vs.                                                                    Adversary No. 19-80071-CRJ

AVADIAN CREDIT UNION,
and BSI FINANCIAL SERVICES

     Defendants.

## AMENDED COMPLAINT

Plaintiff Gary Cooper, individually, brings this Complaint against Defendants Avadian Credit Union ("Avadian") and BSI Financial Services ("BSI") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Cooper's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Cooper and the Defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

2. All causes of action are based on the Bankruptcy Code of the United States.

### II. PARTIES

3. Cooper is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on August 16, 2018. Avadian is a corporation organized and existing under the laws of the State of Alabama. BSI is a corporation organized and existing under the laws of the State of Pennsylvania. At all times material to this complaint, the Defendants regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Cooper did business with the Defendants within this district and division, and it is these business transactions that give rise to this litigation.

### III. FACTUAL ALLEGATIONS

4. Plaintiff Gary Cooper filed a Chapter 13 case in this Court on August 16, 2018.

5. On May 30, 2019, Defendants filed an improper and false affidavit in support of a motion for relief from stay that Defendants filed, or caused to be filed, in Plaintiff Gary Cooper's bankruptcy case. Defendants' affidavit was false in that the debtor sent payments by check that the defendants refused to acknowledge and cash. The Defendants, in essence, manufactured a default and the concomitant motion for relief from the stay. Additionally, the Affidavit offered by the Defendants in Support of the Motion for Relief was false and not notarized. (See Exhibit 1). It is important to consider the specific elements a statement must satisfy in order for it to constitute an affidavit upon which courts will rely. The proffered statement must satisfy three essential elements: "(1) A written oath embodying the facts as sworn to by the affiant; (2) the signature of the affiant; and (3) the attestation by an officer authorized to administer the oath that the affidavit was actually sworn by the affiant before the officer." 3 Am.Jur.2D Affidavits §8 (2008). The Affidavit in the present case was not properly notarized and therefore is a nullity.

In sum, the Defendants filed, or caused to be filed, an improper and fraudulent affidavit, declaration or certification in the bankruptcy case of Gary Cooper in support of a motion for relief from stay. This affidavit, declaration and certification was improper and fraudulent in that the facts contained therein were inaccurate and the document was not notarized. Defendant BSI entered into a "consent order" with the CFPB on May 24th, 2019. The agreed order between BSI and the CFPB addressed behaviors and conduct such as those that are alleged in the instant case. (See Exhibit 2).

6. In addition, the Defendants' sent a "mortgage statement" to the debtor and the debtor's attorney dated 08/16/2019. That statement contained an erroneous and **inflated** amount at the **top** of the statement with the language "Total Amount Owed Post-Petition." The debtor contends this was an attempt to collect, in part, a prepetition debt, thus, violating 11 U.S.C. §362. Using the Defendants' own mathematics, one can only conclude that it is a stay violation.

## IV. DEBTOR/PLAINTIFF'S ALLEGATIONS

7. Plaintiff has had an improper and fraudulent affidavit, declaration or certification filed in his bankruptcy case by the Defendants. Plaintiff has sustained damages resulting from Defendants' illegal and fraudulent practices. If the Defendants are not enjoined from engaging in this illegal and fraudulent practice in the future, Plaintiff and others will suffer. (See Exhibit 2 - consent settlement between BSI Financial and the CFPB dated 5/24/19). The consent settlement chronicles the depth and breadth of the Defendants improper conduct and the systematic and widespread nature of that conduct. Under the terms of the consent settlement, Defendant BSI is required to produce a **list** of affected consumers to the CFPB. (See Exhibit 2 – sections 75(c)(i) and 79). Further, under the terms of the settlement, Defendant BSI and its **agents** are prohibited from engaging in the types of behaviors alleged in this complaint. (See Exhibit 2 – section 96).

## V. FIRST CAUSE OF ACTION

8. Plaintiff adopts and realleges paragraphs 1 through 7 the same as if fully set out herein.

9. Defendants' actions in this case violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process.

10. Plaintiff invokes the Court's inherent powers and the Court's powers under § 105 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands civil relief and judgment against Defendants as follows:

   A. Plaintiff seeks all civil relief damages available to him pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to his accounts and/or collected from him in connection

with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorney's fees and costs in amounts to be determined by the court and an order requiring the Defendants to pay reasonable attorney's fees, costs and expenses to Plaintiff's counsel for prosecution of this action; and any other civil relief damages that this honorable Court deems appropriate.

B. Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendants' practices improper, illegal and fraudulent.

## VI. SECOND CAUSE OF ACTION

11. Plaintiff adopts and realleges paragraphs 1 through 10 the same as if fully set out herein.

12. Defendants' actions violate the Bankruptcy Code and Rules and constitute fraud on the bankruptcy court. Where a defendant engages in a pattern of conduct which makes a mockery of the judicial process or uses attorneys as unwitting foot soldiers to misrepresent matters to the court, fraud on the court is properly alleged.

> Fraud upon the court should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or as a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct. *Travelers Indem. Co. v. Gore*, 761 F.2d 1549 (11th Cir. 1985) (quoting 7 Moore's Federal Practice, ¶ 60.33).

Therefore, under the teaching embodied in *Gore*, there are two fact patterns which can establish fraud upon the court, and not be subject to a *res judicata* bar. The first is where a defendant engaged in fraudulent conduct that did, or attempted to, defile the court itself. The second is a fraud perpetrated by, or in complicity with, officers of the court. The plaintiff's compliant in the instant case alleges **both species of fraud on the court**. First, the

Defendants' use of documents which purported to be sworn testimony, and which were not, defiles the court process and prevents the court from operating correctly. The defendants' submitted a document which it purported to be an affidavit and asked the court to make rulings based upon the purported sworn testimony. In fact, because the affidavit offered in support of the motion for relief was not properly sworn, it is a **nullity**. As a consequence, any ruling based on the purported affidavit is tainted with the same fraud. As the First Circuit aptly put it: "A fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense. Because corrupt intent knows no stylistic boundaries, fraud on the court can take many forms." *Aoude v. Mobil Oil Corp.,* 892 F.2d 115 (1st Cir. 989) (citations omitted). In similar fashion, the Seventh Circuit stated that fraud on the court refers to "conduct that might be thought to corrupt the judicial process itself, as where a party… **inserts bogus documents into the record**." *Oxxford Clothes xx, Inc. v. Expeditors International of Washington, Inc.,* 127 F.3d 574, 578 (7th Cir. 1997).

In turn, as the Defendants necessarily used officers of the court to perpetrate the fraud upon the court, the allegations implicate the second prong of fraud on the court as well. "An attorney is an officer of the court and owes the court fiduciary duties and loyalty. When an attorney misrepresents or omits material facts to the court, or acts on a client's perjury or distortion of evidence, his conduct may constitute fraud on the court." *Trehan v. Von Tarkany*, 63 B.R. 1001 (S.D.N.Y. 1906); citing *Hazel – Atlas Glass Co. v. Hartford Empire Co.,* 322 U.S. 238 (1944) (finding fraud on the court where plaintiffs' attorney used a forged article to support his claim for patent infringement). Attorneys have an "overreaching duty of candor to the court." *In Re Ocon*, 2009 W.L. 405370 (11th Cir. 2009), and even objectively reckless conduct by the attorneys states a claim. Fraud which is aimed at preventing the normal functioning of the judicial process threatens a public injury, not just injury to the litigants. *Securities and Exchange Comm. V. ESM Group*, 835 F.2d 270, 273 (11th Cir. 1988). Accordingly, fraud on the court involves two victims, the individual party against whom the tainted judgement was obtained, and the court itself. In the present case, the Defendants have presented a false and defective affidavit in an improper attempt to gain stay relief against Mr.

Cooper. This, to the detriment of the debtor **and the court.**

13. Plaintiff invokes the Court's inherent powers and the Court's powers under § 105.

WHEREFORE, Plaintiff demands civil relief and judgment against Defendants as follows:

A. Plaintiff seeks all civil relief damages available to him pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to his account and/or collected from him in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorney's fees and costs in amounts to be determined by the court and an order requiring the Defendants to pay reasonable attorney's fees, costs and expenses to Plaintiff's counsel for prosecution of this action: and any other civil relief damages that the court deems appropriate.

B. Such other and different civil relief pursuant to § 105 and the Court"s inherent powers as may be appropriate, including an order declaring Defendants' practices improper, illegal and fraudulent.

## VII. THIRD CAUSE OF ACTION

14. Plaintiffs adopts and realleges paragraphs 1 through 13 the same as if fully set out herein.
15. Plaintiff is entitled to a civil relief order declaring that Defendants' acts and practices described herein violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court; and this Court should permanently enjoin the Defendants from engaging in said acts and practices in the future with respect to Gary Cooper and other similarly situated persons.
16. Defendants' actions violate the Bankruptcy Code and Rules, constitute an abuse of

the bankruptcy process, and constitute fraud on the bankruptcy court.

17. Plaintiff invokes the Court's inherent powers and the Court's powers under § 105.

18. Plaintiff is entitled to such other, further and different civil relief as the Court deems appropriate. Pursuant to the specific equity raised in this proceeding, the Defendants should also be required to pay counsel reasonable attorney's fees, costs and expenses for the prosecution of this action.

WHEREFORE, Plaintiff demands civil relief and judgment against Defendants as follows:

A. Plaintiff seeks all civil relief damages available to him pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to his accounts and/or collected from his in connection with the motion for relief from stay, motions for adequate protection, or any similar motion where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorney's fees and costs in amounts to be determined by the court and an order requiring the Defendants to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B. Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendants' practices improper, illegal and fraudulent.

## VIII.   FOURTH CAUSE OF ACTION

19. Plaintiff adopts and realleges paragraphs 1 through 18 the same as if fully set out herein.

20. The Defendants sent, or caused to be sent, a statement dated 08/16/2019, received on 08/23/2019, to the debtor via his counsel which seeks payment of a pre-petition debt.

Alarmingly, this mortgage statement, in addition to being inaccurate, was received after the instant adversary proceeding was initiated and after their motion for relief was denied on 08/21/2019. At the top of the statement appears the following in bold: **Total Amount Owed Post-Petition $11,609.80**. (See Exhibit 3). Debtor's counsel asserts that this amount is erroneous and constitutes an attempt to collect a pre-petition debt, post-petition, and therefore violates 11 U.S.C. §362. On May 30, 2019, the Defendants' filed a fact summary sheet for their motion to lift the stay stating that the post-petition arrearage due was $5,618.52 for the months of 09/01/2018 through 05/01/2019. The debtor's payment amount is $624.28 per the Defendants' fact summary sheet. (See Exhibit 4). Adding three additional months, to bring the debtor current through August of 2019, at $624.28 equals $1,872.84. Using the Defendants' numbers, the post-petition arrearage would seem to be $7,491.36. As the court is aware, the debtor has sent this amount to the chapter 13 trustee pending resolution of this matter. If the month of September, 2019 is included in the calculation, the total amount is $8,115.64. Looking at the discrepancy between the $11,609.80 listed in the mortgage statement from the Defendants sent post-petition, and the $7,491.36 taken from the Defendants' fact summary sheet, one can only conclude that this is an **ill-timed** attempt to collect pre-petition mortgage arrearage – post-petition. The debtor alleges that this statement violates the automatic stay.

WHEREFORE, Plaintiff demands civil relief and judgment against Defendants as follows:

    A.    Plaintiff seeks all civil relief damages available to him pursuant to § 362 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to his accounts and/or collected from his in connection with the motion for relief from stay, motions for adequate protection, or any similar motion where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions, punitive damages, and attorney's fees and costs in amounts to be determined by the court and an order requiring the Defendants to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

    B.    Such other and different civil relief pursuant to § 362 and the Court's

inherent powers as may be appropriate, including an order declaring Defendants' practices improper, illegal and fraudulent.

**NO CRIMINAL SANCTIONS, NO CRIMINAL PENALTIES, NOR ANY OTHER CRIMINAL RELIEF IS SOUGHT BY THE PLAINTIFF IN THIS COMPLAINT.**

Dated: 08/23/2019

Respectfully submitted,

/s/ John C. Larsen
John C. Larsen
Attorney for the debtor/plaintiff,
Gary Cooper

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com